## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREA GARRETT ) | |
| ) | Case Number |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL COMPLAINT |
| ) | |
| GENERAL REVENUE ) | |
| CORPORATION ) | JURY TRIAL DEMANDED |
| ) | |
| Defendant. ) | |
| ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiff, Andrea Garrett, by and through her undersigned counsel, Brent F. Vullings, Esq. of Warren & Vullings, LLP, complaining of Defendant and respectfully avers as follows:

### I.   INTRODUCTORY STATEMENT

1.  Plaintiff, Andrea Garrett (hereinafter "Plaintiff"), an individual consumer, brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II.    JURISDICTION

2.    Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3.    Venue in this District is proper in that the Defendant transacts business here and maintains a registered office in this District.

## III.    PARTIES

4.    Plaintiff, Andrea Garrett ("Plaintiff") is an adult natural person with a mailing address of 22 Castle Royal, Pueblo, CO 81005.

5.    Defendant, General Revenue Corporation ("Defendant"), at all times relevant hereto, is and was a Corporation engaged in the business of collecting debt within the Commonwealth of Pennsylvania and the State of Colorado with its principal place of business located at 11501 Northlake Drive, Cincinnati, OH 45249 and a registered office located at 116 Pine Street, Suite 320, Harrisburg, PA 17101.

6.    Defendant is engaged in the collection of debts from consumers using the telephone and mail.  Defendant regularly attempts to collect consumer debts alleged to be due to another.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV.    FACTUAL ALLEGATIONS

7.    On or about September 29, 2009, Defendant's agent, Joe Brennan, left a message for Plaintiff in the voicemail box of employer, By the Rockies.

8. The aforementioned voicemail box is general and does not belong to Plaintiff. All employees have access to it.

9. In the September 29, 2009 voicemail, Defendant's agent, Joe Brennan, clearly states that he is calling for Plaintiff and that he is from General Revenue Corporation, which is a known debt collector.

10. On or about September 30, 2009, Defendant's agent, Joe Brennan, called Plaintiff's place of employment twice more.

11. During the first September 30th call, Defendant's agent, Joe Brennan, spoke to Plaintiff's fiancé, Jason. Jason works for the same employer.

12. Defendant's agent, Joe Brennan, specifically asked Jason if he was Plaintiff's boyfriend or fiancé.

13. During the second September 30th call, Defendant's agent, Joe Brennan, spoke to Plaintiff.

14. Plaintiff stated that she could not speak to Mr. Brennan at work to which he replied that he was entitled to call her there.

15. Defendant's agent, Joe Brennan, proceeded to threaten Plaintiff with wage garnishment.

16. Additionally, Defendant's agent, Joe Brennan, indicated that Plaintiff's fiancé's wages and tax return would be garnished also.

17. Defendant's agent, Joe Brennan, asked Plaintiff, "How would you feel if your fiancé's hard earned money and tax return went to pay for this?'.

18. Defendant's agent, Joe Brennan, indicated to Plaintiff that if she did not make arrangement to pay the alleged debt by 7 PM that evening, Defendant would begin immediate wage garnishment.

19. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse Plaintiff in connection with the collection of a debt.

20. The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiff to pay the debt.

21. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

22. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

23. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

24. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish

and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

### **COUNT ONE – FDCPA**

25. The above paragraphs are hereby incorporated herein by reference.

26. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

27. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of 15 U.S.C. § 1692:

    a. c(a)(1)  Defendant's agent contacted Plaintiff at an unusual time or place known to be inconvenient to Plaintiff;

    b. c(a)(3)  Defendant's agent contacted Plaintiff at her place of employment when such communications are prohibited;

    c. d  Defendant's agent's conduct was harassing, oppressive and abusive toward Plaintiff;

    d. d(2)  Defendant's agent used abusive language toward Plaintiff;

    e. e  Defendant's agent used false, deceptive and misleading representations to attempt to collect the alleged debt from Plaintiff;

    f. e(5)  Defendant's agent threatened to take action that could not legally be taken;

   g. e(10)  Defendant's agent used false representation or deceptive means to attempt to collect the alleged debt from Plaintiff;

   h. f  Defendant's agent was unfair and unconscionable in his attempt to collect the alleged debt from Plaintiff;

   i. f(6)  Defendant's agent threatened to unlawfully disable Plaintiff's fiancé's property, including but not limited to his wages and tax return;

   j. g  Defendant failed to send Plaintiff the thirty (30) day validation notice within five (5) days of the initial communication.

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in her favor and against Defendant, General Revenue Corporation and Order the following relief:

   a. Declaratory judgment that the Defendant's conduct violated the FDCPA;

   b. Actual damages;

   c. Statutory damages pursuant to 15 U.S.C. §1692k;

   d. Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

   e. Such addition and further relief as may be appropriate or that the interests of justice require.

### V. **JURY DEMAND**

Plaintiffs hereby demand a jury trial as to all issues herein.

        **Respectfully submitted,**

        **WARREN & VULLINGS, LLP**

**Date: October 9, 2009**        BY: **/s/Brent F. Vullings**
        Brent F. Vullings, Esquire
        Warren & Vullings, LLP
        1603 Rhawn Street
        Philadelphia, PA  19111
        215-745-9800    Fax 215-745-7880
        Attorney for Plaintiff